UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-1521-DMG (KSx)** | Date | May 9, 2016 |
|---|---|---|---|
| Title | *Universal City Studios LLC v. Otis Elevator Company, et al.* | Page | 1 of 8 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [18] AND DEFENDANT'S MOTION TO DISMISS [12]**

I.
PROCEDURAL BACKGROUND

On January 26, 2016, Plaintiff Universal City Studios, LLC ("Universal") filed a Complaint against Defendants Otis Elevator Company ("Otis") and The Hartford Fire Insurance Company ("Hartford") in Los Angeles County Superior Court alleging the following causes of action:  (1) breach of contract against Hartford; (2) Bad Faith Insurance Coverage against Hartford; and (3) breach of contract against Otis.  [Doc. #1-1.]

On March 4, 2016, Hartford filed a notice of removal of the action to this Court from Los Angeles County Superior Court on the basis of diversity jurisdiction.  [Doc. #1.]  On March 18, 2016, Otis filed a motion to dismiss ("MTD") the third cause of action in the Complaint and a request for judicial notice ("RJN").  [Doc. ## 12, 13.]  On April 1, 2016, Universal filed a motion to remand ("MTR").  [Doc. #18.]

II.
JUDICIAL NOTICE

Otis has requested that the Court take judicial notice of the following documents in support of its motion to dismiss:

1. The original maintenance agreement, executed May 29, 1998, between Otis and plaintiff Universal City Studios regarding the escalator at issue in this lawsuit (Ex. A);

2. The July 8, 2004 amendment to Otis Maintenance Contract No. SA 9820 (Ex. B);

3. The January 30, 2008 amendment to Otis Maintenance Contract No. SA 9820 (Ex. C);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1521-DMG (KSx)** | Date | May 9, 2016 |
| Title | *Universal City Studios LLC v. Otis Elevator Company, et al.* | Page | 2 of 8 |

    4.    The July 27, 2011 amendment to Otis Maintenance Contract No. SA 9820 (Ex. D); and

    5.    An Owners and Contractors Protective Liability ("OCPL") policy for the period April 1, 2014 to April 1, 2015 (Ex. E).

(RJN at 1-2, Exs. A-E.)

    Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n. 3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)). A court may also consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

    Universal has alleged the existence of the Maintenance Agreement and the Hartford Policy, but does not allege any specifics regarding the relevant provisions of those agreements. Universal attaches to the Complaint two certificates of liability insurance issued by Hartford, but not the Hartford Policy itself, which it contends it has never seen or received. The existence and contents of these documents appear to be central to all three claims in this action.

    Universal disputes the accuracy and authenticity of the copies of the documents attached to the RJN on the grounds that they have not been authenticated and Otis has not offered any declaration regarding their contents. (RJN Opp. at 2.) Universal states that it never received a copy of the OCPL, and no allegation in the Complaint contradicts this contention. (*Id.*) Because Universal contends that it has never received or reviewed a copy of the OCPL, and Otis provides no declaration in support of its authenticity, it is reasonable for Universal to question the accuracy and authenticity of the copy provided by Otis in support of its motion to dismiss.

    Regarding the Maintenance Agreement and its amendments, Universal contends that "[w]ithout going through every page of the Maintenance Agreement, line-by-line, Universal has no way of knowing whether the documents submitted by Otis accurately reflect the agreement Universal signed." (RJN Opp. at 2.) Be that as it may, Universal was a signatory to this agreement and has not contested the accuracy of any specific provisions of the documents provided by Otis, including those most relevant to this action. Universal's objections to the documents' authenticity are therefore not reasonable. "[D]ocuments crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" may be considered to prevent plaintiffs from "surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1521-DMG (KSx)** | Date | May 9, 2016 |
| Title | *Universal City Studios LLC v. Otis Elevator Company, et al.* | Page | 3 of 8 |

which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998).

Universal also objects to the Court taking judicial notice of these documents on the ground that they are inadmissible hearsay. (RJN Opp. at 3.) On the contrary, commercial documents with independent legal significance, such as insurance policies and contracts, are legally-operative "verbal acts" which do not constitute hearsay. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) (out-of-court statements offered as evidence of legally operative conduct are "verbal acts" and not hearsay) (citing Fed R. Evid. 801(c)); *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000) (insurance policy is a legally-operative document excluded from the definition of hearsay); *Venture Corp. Ltd. v. Barrett*, No. 5:13-CV-03384-PSG, 2015 WL 2088999, at *3 (N.D. Cal. May 5, 2015) (contractual terms are nonhearsay).

Accordingly, Otis's request for judicial notice is **DENIED** as to the OCPL (Ex. E) and **GRANTED** as to the four documents constituting the Maintenance Agreement (Exs. A-D).

**III.**
**FACTUAL BACKGROUND**

Otis is in the business of manufacturing, selling, installing, and maintaining escalators. (Compl. ¶ 7.) Hartford is in the business of providing various forms of insurance coverage. (*Id.* ¶ 8.) Hartford provided general liability insurance to Otis ("Hartford Policy"). (*Id.* ¶ 10.)

On May 29, 1998, Universal originally entered into a contract with Otis for the on-going maintenance of escalators installed on Universal's premises ("Maintenance Agreement"). (Compl. ¶ 9; RJN, Ex. A.) The agreement was subject to several subsequent amendments, including a modification on January 30, 2008, which provided:

> **Insurance:** Otis agrees to provide and maintain the following insurance coverage during the term of this Contract: . . . e) Owner's and Contractor's Protective Liability Policy with limits of $10,000,000 per occurrence and in the aggregate naming NBC Universal Inc., General Electric Company, Vivendi Universal, S.A., and all owners, lessors and lessees of the premises covered by the Contract, and naming all additional insureds.

(RJN, Ex. C § 10(e).)

Hartford provided general liability insurance to Universal as an additional insured under the Hartford Policy. (Compl. ¶ 11.) In the alternative, Otis did not provide Universal with

liability insurance as an additional insured under the Hartford Policy as required by the January 30, 2008 modification to the Maintenance Contract.  (*Id.* ¶¶ 46-47.)

On August 3, 2015, individuals Ericka Espinoza, a minor, Erick Espinoza, and Karla Ochoa (collectively, "Underlying Plaintiffs") filed an action against Universal (the "Underlying Action") based on the Underlying Plaintiffs' use of an escalator Otis installed, maintained, and serviced. (*Id.* ¶ 11.)

On May 21, 2015, Universal tendered its defense and request for indemnification in the Underlying Action to Hartford, via Otis.  (*Id.* ¶ 20, Ex. 2.)  After receiving no response from either Hartford or Otis, Universal again tendered its defense and indemnification request to Hartford, via Otis, on June 30, 2015, and again on August 28, 2015.  (*Id.* ¶¶ 21-22, Ex. 3-4.)  On September 14, 2015, Universal received a letter ("September Letter") from Hartford's third party claims administrator, Sedgwick, rejecting the tender, in part because no lawsuit had been filed.  (*Id.* ¶ 23, Ex. 5.)  The September Letter also states:  "Based upon the language of the Commercial General Liability ('CGL') policy at issue, there is no coverage under the policy for [Universal] . . . because [Universal] does not qualify as an additional insured on the policy." (*Id.*)

On September 29, 2015, Universal tendered its defense and indemnification request a fourth time, and informed Hartford that the Underlying Action had been filed on August 3, 2015, nearly six weeks before Hartford sent the September Letter.  (Compl. ¶ 24, Ex. 6.)  After receiving no response from either Hartford or Otis, Universal again tendered its defense and indemnification request to Hartford, via Otis, on November 2, 2015.  (Compl. ¶ 25, Ex. 7.)  On November 10, 2015, Hartford sent another letter ("November Letter") rejecting Universal's tender, stating:

> I am in receipt of your Nov. 2, 2015 correspondence enclosing the above-referenced complaint and re-asserting that Universal City Studios, LLC ("Universal") is an additional insured under an insurance policy issued by the Hartford Fire Insurance Company ("The Hartford") to United Technologies. . . . Based upon the allegations of the complaint, as well as the language of the Owner's and Contractor's Protective Liability (OCP) Policy at issue, including exclusion c in the policy, Universal is not entitled to coverage under the policy. Accordingly, The Hartford denies coverage and it will not defend or indemnify Universal for the *Espinoza* lawsuit.

(Compl. ¶ 26, Ex. 8.)  The November Letter further stated that:

Case 2:16-cv-01521-DMG-KS   Document 35   Filed 05/09/16   Page 5 of 8   Page ID #:468

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-1521-DMG (KSx) | Date | May 9, 2016 |
|---|---|---|---|

| Title | *Universal City Studios LLC v. Otis Elevator Company, et al.* | Page | 5 of 8 |
|---|---|---|---|

The January 30, 2008 Contract Addendum entered into by Universal and Otis contains the following provision regarding insurance. . . . Thus, to the extent Universal was provided insurance by Otis, it was limited to the Owner's and Contractor's Protective Liability Policy.

*Id.* Additionally, "The Hartford denies coverage based on the operation of exclusion c [of the OCP Policy]. . . . In addition, coverage is denied under Exclusion d of the policy. . . . For each and every one of the foregoing reasons, The Hartford denies coverage[.]" *Id.*

Hartford continues to refuse to indemnify or defend Universal in the Underlying Action. (Compl. ¶ 27.)

## IV.
## DISCUSSION

**A.    Motion to Remand**

A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

A federal court has diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). For diversity purposes, a corporation is deemed to be a citizen of both the state in which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

In the Notice of Removal, Hartford alleges that Hartford is incorporated in and has its principal place of business in Connecticut (NOR ¶ 15), Otis is incorporated in New Jersey and has its principal place of business in Connecticut (*Id.* ¶ 16), and Universal is incorporated in and has its principal place of business in California (*Id.* ¶ 17).

Universal does not directly challenge Defendants' statements regarding the citizenship of the parties. Rather, Universal contends that Hartford has "failed to plead sufficient facts demonstrating complete diversity exists." (MTR at 3.) Citing an out-of-circuit district court case, Universal contends that Hartford's notice of removal is deficient because Hartford failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-1521-DMG (KSx) | Date | May 9, 2016 |
|---|---|---|---|

| Title | *Universal City Studios LLC v. Otis Elevator Company, et al.* | Page | 6 of 8 |
|---|---|---|---|

plead "specific facts" demonstrating that Hartford's principal place of business is actually Connecticut. (*Id.* at 4-5.) Universal asserts that the Court cannot perform the "nerve center" analysis for a corporation's principal place of business under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), because Hartford "failed to provide any supporting information." (*Id.* at 4.) Universal contends that "the Court should not be persuaded by counsel for Hartford that Otis actually conducts its business in any particular way" because Hartford failed to produce a declaration from Otis regarding Otis's citizenship. (*Id.* at 5.)

Under governing Ninth Circuit law, however, a party need not allege specific facts in order to establish diversity jurisdiction. The law of this circuit is that a pleading must contain only "a short and plain statement of the grounds for the court's jurisdiction." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). In the case of corporate parties, a pleading must include allegations of both the state of incorporation and the principal place of business of corporate parties. *Id.* Hartford's notice of removal does so for all three corporate parties.

The Ninth Circuit has expressly stated that pleadings that mirror the proposed format set forth in the Appendix to the Federal Rules of Civil Procedure are sufficient to establish diversity jurisdiction. *Harris*, 682 F.3d at 850.

Hartford's allegations in the notice of removal mirror this format. The Ninth Circuit has unequivocally rejected Universal's contention that *Hertz* imposes a heightened standard for pleading diversity jurisdiction. *See id.* at 851 (a jurisdictional allegation "that follows the general framework set forth in Form 7(a) is sufficient to satisfy Rule 8(a)(1); *Hertz* does not mandate more.").

Universal also contends that Hartford's failure to attach the summons served by Universal to the notice of removal is a fatal defect because Hartford did not cure this deficiency within the 30-day period under 1446(b). (MTR at 6.) The Court rejects this argument because the Ninth Circuit follows the view espoused in *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011), in which the Tenth Circuit found that a "removing party's failure to attached the required state court papers to a notice of removal is a mere procedural defect that is curable." *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("We agree with a leading treatise and with our sister circuits that 'this *de minimis* procedural defect [is] curable' even 'after expiration of the thirty-day removal period.'") (internal citations omitted).

The Court finds that Hartford has cured this procedural defect by attaching a copy of the summons to Hartford's opposition. Because the Court finds that Hartford adequately pled the parties' citizenship for purposes of diversity jurisdiction, Universal's motion to remand is **DENIED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-1521-DMG (KSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | *Universal City Studios LLC v. Otis Elevator Company, et al.* | Page | 7 of 8 |

The Court has subject matter jurisdiction over this action and will proceed to consider Otis's motion to dismiss.

**B.     Otis's Motion to Dismiss Universal's Third Cause of Action**

   **1.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court can consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id*. (internal citations omitted). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id*. (internal citations omitted). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

   **2.     Universal States a Claim for Breach of Contract**

Otis was obligated under the July 30, 2008 modification to the Maintenance Agreement to provide and maintain an Owner's and Contractor's Protective Liability Policy with limits of $10,000,000 per occurrence and in the aggregate, and to name Universal as an additional insured

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-1521-DMG (KSx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | *Universal City Studios LLC v. Otis Elevator Company, et al.* | Page | 8 of 8 |

under that policy. Universal has alleged that Otis breached the Maintenance Agreement by failing to provide Universal with liability insurance as an additional insured.[1]

Otis contends that the November Letter establishes that "The Hartford issued an OCPL policy to Otis that also named Universal as an additional insured." (MTD at 4) (emphasis omitted). In reality, the November Letter merely states that "**to the extent Universal was provided insurance by Otis** it was limited to the Owner's and Contractor's Protective Liability Policy" and goes on to provide additional grounds on which Universal's claim will be denied. This conditional statement does not conclusively establish that Hartford understood Universal to be an additional insured, let alone that this is a fact to be taken as true at the pleading stage. While a court may consider documents attached to the complaint at the Rule 12(b)(6) stage, in such cases the existence of the documents, rather than their contents, is taken as true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (at the motion to dismiss stage, courts take judicial notice of the existence of documents, not the truth of the facts recited therein). The truth or falsity of factual statements made by Hartford's representative in the November Letter is irrelevant at this stage of the proceedings.

In the third cause of action, Universal has sufficiently alleged the existence of a valid contract and a breach of one of its material terms. *See Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256 (2011) (plaintiff must allege the existence of a contract and that defendant violated a contract term to state a claim for breach of contract). Nothing more is required.

## V.
## CONCLUSION

In light of the foregoing, Universal's motion to remand is **DENIED** and Otis's motion to dismiss Universal's breach of contract claim is **DENIED.** Defendant Otis shall file its Answer within 15 days after the date of this Order.

**IT IS SO ORDERED.**

---

[1] Universal has alleged in the alternative that it was covered by the Hartford Policy, and that Hartford has failed to provide that coverage in bad faith. It is well settled that a plaintiff may plead in the alternative, and "the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); *see also PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858-59 (9th Cir. 2007) ("[W]e allow pleadings in the alternative—even if the alternatives are mutually exclusive.").